CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

2016 FEB - I  PM 2: 24

DEPUTY CLERK

| | | |
|---|---|---|
| GERALD L. WHEELER, | § | |
| (BOP # 04828-081), | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-074-P-BL |
| MYRON BATTS, Warden, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Plaintiff Gerald L. Wheeler, acting *pro se*, filed a "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." By Order dated October 2, 2015, this Court ordered Wheeler to, within thirty (30) days, file an Amended Complaint on the 42 U.S.C. § 1983 civil-rights form provided by the Clerk of Court and pay the $ 400.00 filing and administrative fees, or file an application to proceed *in forma pauperis* and a completed copy of his certificate of inmate trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of this action. Wheeler did not comply, and the Court issued a second Order, dated December 3, 2015, again directing Wheeler to file an Amended Complaint and the applicable fees or an *in forma pauperis* motion and certified copy of his inmate trust account, or show cause why this case should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). The December 3, 2015 Order included this express directive in all bold capital letters:

**THE FAILURE TO COMPLY WITH ANY PART OF THIS ORDER SHALL RESULT IN THE DISMISSAL OF CIVIL ACTION NO. 1:15-CV-0074-P-BL FOR WANT OF PROSECUTION PURSUANT TO FEDERAL RULE OF**

**CIVIL PROCEDURE 41(B) WITHOUT FURTHER NOTICE**.

As of this date, Plaintiff has not filed the documents or paid the applicable fees, and he has not filed any other document responsive to the Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Wheeler has failed to respond to this Court's orders, the case should be dismissal under authority of this provision for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that Civil Action No. 1:15-CV-074-P(BL) be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

2

by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

February ___, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

3